# EXHIBIT A

| 26SV00020 | VIVIAN MCBRIDE VS. WAL-MART STORES EAST, LP (DELAWARE), ET AL | DECATUR STATE | PRODUCT LIABILITY TORT |
|---|---|---|---|

## Case Information

| Case Initiation Date | Assigned Judge |
|---|---|
| 01/27/2026 | DAVID A. KENDRICK |

Why subscribe to PeachCourt+? Because this is one of your cases, you probably want to know when anyone eFiles anything in this case. As a PeachCourt+ subscriber, you will receive an email alert even when someone files on paper: judge's order, sheriff's return of service, self-represented litigant filing... you get the idea.

## Party Information

Plaintiff:

**McBride, Vivian**

Defendants:

**Wal-Mart Stores East, LP (Delaware),**

**The Hillshire Brands Company,**

**Tyson Foods, Inc.,**

## Attorney/Filer Information

**EICHHOLZ, DAVID S**

**BURGESS, WILLIAM**

**BENTLEY, ELIZABETH**

Add to Cart

| Docket # | Document Type | Description | Filer | Filing Date | Source | ☐ |
|---|---|---|---|---|---|---|
| 1 | Miscellaneous | COST PAID FILING $208.00 | | 01/27/2026 | Manual | |
| 2 | Amended Complaint | COMPLAINT FOR PERSONAL INJURIES AND DAMAGES AND DEMAND FOR JURY TRIAL | Eichholz, David S. | 01/27/2026 | EFile: PeachCourt | |
| 3 | Summons | SUMMONS TO WAL-MART STORES EAST, LP (DELAWARE) | Eichholz, David S. | 01/27/2026 | EFile: PeachCourt | |
| 4 | Summons | SUMMONS TO THE HILLSHIRE BRANDS COMPANY | Eichholz, David S. | 01/27/2026 | EFile: PeachCourt | |
| 5 | Summons | SUMMONS TO TYSON FOODS, INC | Eichholz, David S. | 01/27/2026 | EFile: PeachCourt | |
| 6 | Civil Case Initiation Form | CASE INITIATION FORM | Eichholz, David S. | 01/27/2026 | EFile: PeachCourt | |
| 7 | Sheriff's Return Of Service | SHERIFFS SERVICE CORP ON TYSON FOODS, INC | Eichholz, David S. | 02/11/2026 | EFile: PeachCourt | |
| 8 | Sheriff's Return Of Service | SHERIFFS SERVICE CORP. ON THE HILLSHIRE BRANDS COMPANY | Eichholz, David S. | 02/23/2026 | EFile: PeachCourt | |
| 9 | Sheriff's Return Of Service | SHERIFFS SERVICE CORP. ON WAL-MART STORES EAST, LP (DELAWARE) | Eichholz, David S. | 02/25/2026 | EFile: PeachCourt | |
| 10 | Notice | NOTICE OF APPEARANCE | Burgess, William | 03/06/2026 | EFile: PeachCourt | |
| 11 | Stipulation | JOINT STIPULATION FOR EXTENSION OF TIME FOR WAL-MART STORES EAST, LP TO RESPOND TO COMPLAINT | Burgess, William | 03/06/2026 | EFile: PeachCourt | |
| 12 | Notice | NOTICE OF APPEARANCE | Jones, Rose | 03/09/2026 | EFile: PeachCourt | |

| 13 | Answer | ANSWER AND DEFENSES OF TYSON FOODS, INC | Bentley, Elizabeth | 03/09/2026 | EFile: PeachCourt |
| 14 | Statement | DEFENDANT TYSON FOODS, INC.'S DEMAND FOR JURY PANEL OF TWELVE | Bentley, Elizabeth | 03/09/2026 | EFile: PeachCourt |
| 15 | Service | CERTIFICATE OF SERVICE/DISCOVERY | Bentley, Elizabeth | 03/09/2026 | EFile: PeachCourt |
| 16 | Answer | ANSWER AND DEFENSES OF THE HILLSHIRE BRANDS COMPANY | Bentley, Elizabeth | 03/25/2026 | EFile: PeachCourt |
| 17 | Statement | DEFENDANT THE HILLSHIRE BRANDS COMPANY'S DEMAND FOR JURY PANEL OF TWELVE | Bentley, Elizabeth | 03/25/2026 | EFile: PeachCourt |
| 18 | Service | CERTIFICATE OF SERVICE | Eichholz, David S. | 04/08/2026 | EFile: PeachCourt |

The clerk's office maintains the official record for this case. The information we provide is our best attempt at reflecting the official record. Despite our best efforts, you may find discrepancies between the information on this page and the clerk's official record. The clerk's official record is always official and is always THE record.

Printed from www.peachcourt.com on Apr 15, 2026 12:07 PM

# EXHIBIT A-1

🐝 EFILED IN OFFICE
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA

**26SV00020**
**DAVID A. KENDRICK**
**JAN 27, 2026 01:31 PM**

Cecilia Willis, Clerk
Decatur County, Georgia

IN THE STATE COURT OF DECATUR COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| VIVIAN MCBRIDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. _____ |
| | ) | |
| WAL-MART STORES EAST, LP | ) | |
| (DELAWARE), THE HILLSHIRE | ) | |
| BRANDS COMPANY, and TYSON | ) | |
| FOODS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

---

### COMPLAINT FOR PERSONAL INJURIES AND DAMAGES
### AND DEMAND FOR JURY TRIAL

---

COMES NOW VIVIAN MCBRIDE, Plaintiff in the above-captioned matter and submits her Complaint for Personal Injuries and Damages (the "Complaint") against Defendants WAL-MART STORES EAST, LP (DELAWARE), THE HILLSHIRE BRANDS COMPANY, and TYSON FOODS, INC. (hereinafter "Defendants"), by showing this Honorable Court that judgment should be entered in favor of the Plaintiff against the Defendants for the relief sought in the Complaint for the reasons pled as follows:

### PARTIES, JURISDICTION, VENUE AND SERVICE OF PROCESS

1.

Plaintiff Vivian McBride (hereinafter "Plaintiff") is a citizen and resident of the State of Georgia. Plaintiff resides at 123 Anderson Street, Attapulgus, Georgia 39815. By bringing this action, Plaintiff subjects herself to the jurisdiction and venue of this Honorable Court.

Page **1** of **9**

2.

Defendant Wal-Mart Stores East, LP (Delaware) is a Delaware limited partnership authorized to do business in Georgia and operating retail stores in Decatur County, Georgia, including the Wal-Mart location where the product at issue was purchased. Wal-Mart Stores East, LP, may be served through its registered agent, The Corporation Company, 410 Peachtree Parkway, Suite 4245, Cumming, Georgia 30041.

3.

Defendant The Hillshire Brands Company is a foreign profit corporation authorized to do business in Georgia and engaged in the manufacture, processing, and distribution of meat products sold in Georgia. The Hillshire Brands Company may be served through its registered agent, United Agent Group Inc., 431 Vision Drive, Building F #201, Cumming, Georgia 30040.

4.

Defendant Tyson Foods, Inc. is a foreign profit corporation authorized to do business in Georgia and engaged in the manufacture, processing, packaging, and distribution of meat products sold in Georgia. Tyson Foods, Inc. may be served through its registered agent, United Agent Group Inc., 431 Vision Drive, Building F #201, Cumming, Georgia 30040.

5.

Jurisdiction is proper in this Court pursuant to O.C.G.A. § 15-7-4.

6.

Venue is proper in Decatur County State Court pursuant to O.C.G.A. § 9-10-90, §9-10-93, and §14-2-510 because one or more Defendants transact business in Decatur County and the cause of action arose in this county.

## STATEMENT OF FACTS

7.

On or about February 22, 2024, Plaintiff purchased a packaged meat product from a Wal-Mart retail store located at 500 East Alice Street, Bainbridge, Decatur County, Georgia 39819.

8.

The meat product was manufactured, processed, packaged, distributed, and/or supplied by Defendants **The Hillshire Brands Company** and/or **Tyson Foods, Inc.**, and sold to Plaintiff by Defendant **Wal-Mart Stores East, LP (Delaware)**.

9.

The meat product was intended for human consumption and was represented as safe, wholesome, and fit for consumption.

10.

While consuming the meat product in its intended and foreseeable manner, Plaintiff encountered and ingested a piece of glass embedded in the meat.

11.

The glass was not visible or detectable by Plaintiff prior to consumption.

12.

7. As a direct and proximate result of ingesting the glass, Plaintiff suffered physical injuries, including but not limited to:

- Cuts and lacerations to the mouth, tongue, throat, and/or gastrointestinal tract;
- Pain and suffering;
- Emotional distress;

- Medical expenses; and

- Other related damages.

13.

The presence of glass rendered the meat product defective, adulterated, unreasonably dangerous, and unfit for human consumption.

14.

The presence of glass in a packaged meat product intended for human consumption is a condition that does not ordinarily occur in the absence of negligence in the manufacturing, processing, inspection, or packaging process, and such conditions were within the exclusive control of Defendants prior to sale.

15.

The glass contamination existed at the time the product left the control of Defendants and occurred prior to Plaintiff's purchase.

16.

Plaintiff did not alter or misuse the product and consumed it as intended.

17.

Defendants were on notice of Plaintiff's injuries and claims and had a duty to preserve all evidence relating to the manufacturing, inspection, packaging, distribution, and sale of the product, including quality-control records, batch logs, and internal investigations.

## COUNT I: NEGLIGENCE OF DEFENDANTS

18.

Paragraphs 1 through 17 above are incorporated by reference as if set forth fully herein.

19.

Defendants owed Plaintiff a duty to exercise ordinary care in the manufacturing, processing, inspection, packaging, distribution, and sale of food products intended for human consumption.

20.

Defendants breached that duty by allowing glass to be present in the meat product.

21.

Defendants failed to implement and/or follow reasonable quality control, inspection, and safety procedures.

22.

Defendant Wal-Mart Stores East, LP negligently failed to properly inspect, monitor, and ensure the safety of food products offered for sale and failed to remove adulterated products from its shelves prior to sale.

23.

Defendants knew or should have known that foreign objects such as glass pose a serious risk of injury to consumers.

24.

Defendants violated applicable state and federal food safety laws and regulations prohibiting the sale of adulterated food products containing foreign objects, including glass,

**Page 5 of 9**

constituting negligence per se under Georgia law.

25.

Defendants failed to warn consumers of the risk of foreign object contamination in the product and failed to provide adequate instructions or safeguards to prevent injury.

26.

Defendants' negligence was the direct and proximate cause of Plaintiff's injuries and damages.

27.

The Defendants' negligence proximately caused the injuries, losses and damages suffered by the Plaintiff.

## COUNT II: STRICT PRODUCTS LIABILITY (O.C.G.A. § 51-1-11)

28.

Paragraphs 1 through 27 above are incorporated by reference as if set forth fully herein.

29.

Defendants **The Hillshire Brands Company** and **Tyson Foods, Inc.** are manufacturers of the meat product.

30.

The meat product was sold in a defective condition unreasonably dangerous to consumers due to the presence of glass.

31.

The product reached Plaintiff without substantial change in its condition.

Page **6** of **9**

32.

The defect caused Plaintiff's injuries and damages.

33.

Manufacturer Defendants are strictly liable to Plaintiff under Georgia law.

## COUNT III: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (O.C.G.A. § 11-2-314)

34.

Paragraphs 1 through 33 above are incorporated by reference as if set forth fully herein.

35.

Defendants impliedly warranted that the meat product was merchantable and fit for ordinary consumption.

36.

The presence of glass breached the implied warranty of merchantability.

37.

Plaintiff relied upon Defendants' warranties in purchasing and consuming the product.

38.

Plaintiff suffered damages as a direct result of Defendants' breach.

## COUNT IV – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE (O.C.G.A. § 11-2-315)

39.

Paragraphs 1 through 38 above are incorporated by reference as if set forth fully herein.

40.

Defendants knew the meat product was being purchased for human consumption.

41.

Plaintiff relied upon Defendants' skill and judgment in providing a safe food product.

42.

The product was not fit for its intended purpose due to the presence of glass.

43.

Plaintiff suffered damages as a direct result of this breach.

## COUNT V – PUNITIVE DAMAGES (O.C.G.A. § 51-12-5.1)

44.

Paragraphs 1 through 43 above are incorporated by reference as if set forth fully herein.

45.

Defendants' conduct showed willful misconduct, wantonness, or conscious indifference to the consequences of selling adulterated food products, justifying an award of punitive damages to punish and deter such conduct.

## DAMAGES

46.

Plaintiff seeks all damages allowed under Georgia law, including:

(a)     Past and future medical expenses;

(b)     Pain and suffering;

(c)     Emotional distress; and

Page **8** of **9**

(d)     Incidental and consequential damages.

WHEREFORE, Plaintiff prays as follows:

(a)     That Defendants be served with process and be required to answer this lawsuit;

(b)     That Plaintiff recover recompensive damages from Defendants for the personal injuries which she has suffered in an amount to be determined according to the enlightened conscience of an impartial jury;

(c)     That Plaintiff be awarded an amount sufficient to reimburse her for all past, present and future medical expenses and wage losses associated with her injuries;

(d)     That Plaintiff be compensated for the mental and physical pain and suffering related to her injuries;

(e)     The Plaintiff be awarded interest at the legal rate on any judgment rendered;

(f)     The Plaintiff be awarded expenses of litigation in bringing this action;

(g)     That the Plaintiff has a trial by a jury of twelve (12) persons; and

(h)     That Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

This 26th day of January 2026.

THE EICHHOLZ LAW FIRM, P.C.

*/s/* David S. Eichholz
DAVID S. EICHHOLZ
Georgia State Bar No. 502134
*Attorney for Plaintiff*

319 Eisenhower Drive
Savannah, GA 31406
(912) 232-2791 - phn
(912) 629-2560 - fax
David@thejusticelawyer.com

# EXHIBIT A-2

# IN THE STATE COURT OF DECATUR COUNTY
## STATE OF GEORGIA

⧉ **EFILED IN OFFICE**
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA
**26SV00020**
**DAVID A. KENDRICK**
**JAN 27, 2026 01:31 PM**

*Cecilia Willis*
Cecilia Willis, Clerk
Decatur County, Georgia

CIVIL ACTION NUMBER  26SV00020

McBride, Vivian

**PLAINTIFF**

**VS.**

Wal-Mart Stores East, LP (Delaware)
The Hillshire Brands Company
Tyson Foods, Inc.

**DEFENDANTS**

**SUMMONS**

TO: WAL-MART STORES EAST, LP (DELAWARE)

You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

**David S. Eichholz**
**The Eichholz Law Firm**
**319 Eisenhower Drive**
**Savannah, Georgia 31406**
**david@thejusticelawyer.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 27th day of January, 2026.**

Clerk of State Court

_____
Cecilia Willis, Clerk
Decatur County, Georgia

SC-1
Rev'd 10/24

# EXHIBIT A-3

# IN THE STATE COURT OF DECATUR COUNTY
## STATE OF GEORGIA

⊜ EFILED IN OFFICE
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA
**26SV00020**
**DAVID A. KENDRICK**
**JAN 27, 2026 01:31 PM**

Cecilia Willis, Clerk
Decatur County, Georgia

CIVIL ACTION NUMBER  26SV00020

McBride, Vivian

**PLAINTIFF**

**VS.**

Wal-Mart Stores East, LP (Delaware)
The Hillshire Brands Company
Tyson Foods, Inc.

**DEFENDANTS**

**SUMMONS**

TO: THE HILLSHIRE BRANDS COMPANY

You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

> **David S. Eichholz**
> **The Eichholz Law Firm**
> **319 Eisenhower Drive**
> **Savannah, Georgia 31406**
> **david@thejusticelawyer.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 27th day of January, 2026.**

Clerk of State Court

Cecilia Willis, Clerk
Decatur County, Georgia

SC-1
Rev'd 10/24

Page 1 of 1

# EXHIBIT A-4

# IN THE STATE COURT OF DECATUR COUNTY
## STATE OF GEORGIA

⊟ EFILED IN OFFICE
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA
**26SV00020**
**DAVID A. KENDRICK**
**JAN 27, 2026 01:31 PM**

*Cecilia Willis, Clerk*
Decatur County, Georgia

CIVIL ACTION NUMBER   26SV00020

McBride, Vivian

**PLAINTIFF**

                                                    **VS.**

Wal-Mart Stores East, LP (Delaware)
The Hillshire Brands Company
Tyson Foods, Inc.

**DEFENDANTS**

**SUMMONS**

TO: TYSON FOODS, INC.

You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

> **David S. Eichholz**
> **The Eichholz Law Firm**
> **319 Eisenhower Drive**
> **Savannah, Georgia 31406**
> **david@thejusticelawyer.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 27th day of January, 2026.**

Clerk of State Court

Cecilia Willis, Clerk
Decatur County, Georgia

# EXHIBIT A-5

**General Civil and Domestic Relations Case Filing Information Form**

⊜ **EFILED IN OFFICE**
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA

**26SV00020**

**DAVID A. KENDRICK**
**JAN 27, 2026 01:31 PM**

Cecilia Willis, Clerk
Decatur County, Georgia

☐ **Superior or** ☑ **State Court of** _Decatur_____ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** _01-27-2026_____ | **Case Number** _26SV00020_____ |
| **MM-DD-YYYY** | |

| **Plaintiff(s)** | **Defendant(s)** |
|---|---|
| McBride, Vivian | Wal-Mart Stores East, LP (Delaware) |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |
| | The Hillshire Brands Company |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |
| | Tyson Foods, Inc. |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |
| | |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |

**Plaintiff's Attorney** _Eichholz, David S._____     **Bar Number** _502134_____     **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

| General Civil Cases | Domestic Relations Cases |
|---|---|
| ☐ Automobile Tort | ☐ Adoption |
| ☐ Civil Appeal | ☐ Contempt |
| ☐ Contract | ☐ Non-payment of child support, medical support, or alimony |
| ☐ Contempt/Modification/Other Post-Judgment | ☐ Dissolution/Divorce/Separate Maintenance/Alimony |
| ☐ Garnishment | ☐ Family Violence Petition |
| ☐ General Tort | ☐ Modification |
| ☐ Habeas Corpus | ☐ Custody/Parenting Time/Visitation |
| ☐ Injunction/Mandamus/Other Writ | ☐ Paternity/Legitimation |
| ☐ Landlord/Tenant | ☐ Support – IV-D |
| ☐ Medical Malpractice Tort | ☐ Support – Private (non-IV-D) |
| ☑ Product Liability Tort | ☐ Other Domestic Relations |
| ☐ Real Property | |
| ☐ Restraining Petition | |
| ☐ Other General Civil | |

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
   **Case Number**                **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
   **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.20

# EXHIBIT A-6

# SHERIFF'S ENTRY OF SERVICE

_____DECATUR_____ County, Georgia

Civil Action No. __26SV00020__

Date Filed _____01/27/26 01:31 PM_____

Superior Court ☐
State Court ☒

⊜ **EFILED IN OFFICE**
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA

**26SV00020**
**DAVID A. KENDRICK**
**FEB 11, 2026 01:44 PM**

Cecilia Willis, Clerk
Decatur County, Georgia

Attorney's address and email

Eichholz, David S.
The Eichholz Law Firm
319 Eisenhower Drive
Savannah, GEORGIA 31406-
david@thejusticelawyer.com

McBride, Vivian

_____

**Plaintiff(s)**

Wal-Mart Stores East, LP (Delaware); The Hillshire Brands

Company; Tyson Foods, Inc.

**Defendant(s)**

Name and address of party to be served

__Tyson Foods, Inc.__

__431 Vision Drive, Building F #201__

__Cumming, GEORGIA 30040__

_____

_____

**Garnishee**

☐ **(PERSONAL)** I have this day served the defendant(s) _____ personally with a copy of the within action and summons and complaint.

☐ **(NOTORIOUS)** I have this day served the defendant(s) _____ by leaving a copy of the action and summons and complaint at defendant's most notorious place of abode in this county.
I delivered the summons and complaint into hands of _____described as follows: Age, about _____ years; weight, about _____ pounds; height, about ____ feet and ____ inches, domiciled at the residence of defendant(s).

☒ **(CORPORATION)** Served the defendant(s) __Tyson Foods Ink__, a corporation, by leaving a copy of the within action and summons and complaint with__Stephanie Eichhorn__ in charge of the corporation's office and place of doing business of said corporation in this county.

☐ **(TACK & MAIL)** I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

☐ **(NON EST)** I made a diligent search, and I did not find the defendant(s) _____ in the jurisdiction of this Court.

This __6__ day of ____Feb____, 20__26__.

_____M. Shifflen 2168_____
Deputy Sheriff

SC-2
Rev'd 10/25

# EXHIBIT A-7

## SHERIFF'S ENTRY OF SERVICE

_____ DECATUR _____ County, Georgia

⊜ **EFILED IN OFFICE**
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA

**26SV00020**

**DAVID A. KENDRICK**
**FEB 23, 2026 08:23 AM**

_Cecilia Willis_
Cecilia Willis, Clerk
Decatur County, Georgia

Civil Action No. __26SV00020__

Date Filed _____ 01/27/26 01:31 PM _____

Superior Court ☐
State Court ☒

Attorney's address and email

Eichholz, David S.
The Eichholz Law Firm
319 Eisenhower Drive
Savannah, GEORGIA 31406-
david@thejusticelawyer.com

McBride, Vivian _____

_____ **Plaintiff(s)**

Wal-Mart Stores East, LP (Delaware); The Hillshire Brands

Company; Tyson Foods, Inc.

**Defendant(s)**

Name and address of party to be served

__The Hillshire Brands Company_____

__431 Vision Drive, Building F #201_____

__Cumming, GEORGIA 30040_____

**Garnishee**

☐ **(PERSONAL)** I have this day served the defendant(s) _____ personally with a copy of the within action and summons and complaint.

☐ **(NOTORIOUS)** I have this day served the defendant(s) _____ by leaving a copy of the action and summons and complaint at defendant's most notorious place of abode in this county.

I delivered the summons and complaint into hands of _____ described as follows: Age, about _____ years; weight, about _____ pounds; height, about ____ feet and ____ inches, domiciled at the residence of defendant(s).

☑ **(CORPORATION)** Served the defendant(s) _Hillshire Brands Company_, a corporation, by leaving a copy of the within action and summons and complaint with _Stephanie Eichhorn_ in charge of the corporation's office and place of doing business of said corporation in this county.

☐ **(TACK & MAIL)** I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

☐ **(NON EST)** I made a diligent search, and I did not find the defendant(s) _____ in the jurisdiction of this Court.

This __6__ day of __Feb__, 20 _26_.

_____
Deputy Sheriff

SC-2
Rev'd 10/25

# EXHIBIT A-8

## SHERIFF'S ENTRY OF SERVICE

_____**DECATUR**_____ County, Georgia

Civil Action No. __26SV00020__

Date Filed _____01/27/26 01:31 PM_____

Superior Court ☐
State Court ☒

🗎 **EFILED IN OFFICE**
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA

**26SV00020**
**DAVID A. KENDRICK**
**FEB 25, 2026 08:01 AM**

Cecilia Willis, Clerk
Decatur County, Georgia

Attorney's address and email

Eichholz, David S.
The Eichholz Law Firm
319 Eisenhower Drive
Savannah, GEORGIA 31406-
david@thejusticelawyer.com

McBride, Vivian

_____

**Plaintiff(s)**

Wal-Mart Stores East, LP (Delaware); The Hillshire Brands

Company; Tyson Foods, Inc.

**Defendant(s)**

Name and address of party to be served

__Wal-Mart Stores East, LP (Delaware)__

__410 Peachtree Parkway, Suite 4245__

__Cumming, GEORGIA 30041__

_____

**Garnishee**

☐ **(PERSONAL)** I have this day served the defendant(s) _____ personally with a copy of the within action and summons and complaint.

☐ **(NOTORIOUS)** I have this day served the defendant(s) _____ by leaving a copy of the action and summons and complaint at defendant's most notorious place of abode in this county.
I delivered the summons and complaint into hands of _____ described as follows: Age, about _____ years; weight, about _____ pounds; height, about ____ feet and ____ inches, domiciled at the residence of defendant(s).

☒ **(CORPORATION)** Served the defendant(s) _The Corporation Co_, a corporation, by leaving a copy of the within action and summons and complaint with_____ in charge of the corporation's office and place of doing business of said corporation in this county.

☐ **(TACK & MAIL)** I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

☐ **(NON EST)** I made a diligent search, and I did not find the defendant(s) _____ in the jurisdiction of this Court.

This _17th_ day of _Feb._, 20_26_.

_____
Deputy Sheriff                              J803

SC-2
Rev'd 10/25

# EXHIBIT A-9

⊜ **EFILED IN OFFICE**
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA
**26SV00020**
**DAVID A. KENDRICK**
**MAR 06, 2026 04:51 PM**

*Cecilia Willis*
Cecilia Willis, Clerk
Decatur County, Georgia

**IN THE STATE COURT OF DECATUR COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| VIVIAN MCBRIDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION |
| WAL-MART STORES EAST, LP | ) | File No. 26SV00020 |
| (DELAWARE), THE HILLSHIRE | ) | |
| BRANDS COMPANY, and TYSON | ) | |
| FOODS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## NOTICE OF APPEARANCE

COMES NOW William Burgess of the law firm Hilgers PLLC, and hereby enters an appearance as counsel of record for Defendant Wal-Mart Stores East, LP in the above-styled action. The undersigned counsel respectfully requests that all future pleadings, notices, and/or correspondence be issued to counsel of record as follows:

William Burgess
Hilgers PLLC
3100 Interstate N. Circle SE
Suite 200, No. 1047
Atlanta, GA 30339
Telephone: (404) 595-7747
wburgess@hilgerslaw.com

1

Dated: March 6, 2026.                    Respectfully submitted,

                                         By: */s/William Burgess*
                                         William Burgess
                                         (GA Bar No. 852972)
                                         HILGERS PLLC
                                         3100 Interstate N. Circle SE
                                         Suite 200 # 1047
                                         Atlanta, GA 30339
                                         Telephone: (404) 595-7747
                                         wburgess@hilgerslaw.com

                                         *Counsel for Defendant Wal-Mart*
                                         *Stores East, LP*

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 6, 2026, I electronically filed the foregoing

Notice of Appearance through the Court's CM/ECF filing system, which will send

notification of such filing to all counsel of record.

*/s/ William Burgess*
William Burgess

# EXHIBIT A-10

⊜ EFILED IN OFFICE
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA
**26SV00020**
DAVID A. KENDRICK
MAR 06, 2026 04:51 PM

Cecilia Willis, Clerk
Decatur County, Georgia

**IN THE STATE COURT OF DECATUR COUNTY**
**STATE OF GEORGIA**

|  |  |  |
|---|---|---|
| VIVIAN MCBRIDE, | **)** | |
| | **)** | |
| Plaintiff, | **)** | |
| | **)** | |
| v. | **)** | CIVIL ACTION |
| | **)** | File No. 26SV00020 |
| WAL-MART STORES EAST, LP | **)** | |
| (DELAWARE), THE HILLSHIRE | **)** | |
| BRANDS COMPANY, and TYSON | **)** | |
| FOODS, INC., | **)** | |
| | **)** | |
| Defendants. | **)** | |
| | **)** | |

**JOINT STIPULATION FOR EXTENSION OF TIME FOR**
**WAL-MART STORES EAST, LP TO RESPOND TO COMPLAINT**

1.    Plaintiff served Defendant Wal-Mart Stores East, LP ("Walmart") on February 17, 2026. Accordingly, Walmart's response to the Complaint is due on March 19, 2026. O.C.G.A. 9-11-12(a).

2.    Pursuant to O.C.G.A. 9-11-6(b), Plaintiff and Walmart hereby stipulate that the deadline for Walmart to answer, move, or otherwise respond to the Complaint in this action is hereby extended to April 20, 2026.

1

Date: March 6, 2026                    Respectfully submitted,

By: */s/ David S. Eichholz*            By: *s/ William Burgess*
    David S. Eichholz                   Rose J. Jones
    (Ga. Bar No. 502134)                (Ga. Bar No. 379483)
    THE EICHHOLZ LAW                     William Burgess
    FIRM, P.C.                          (Ga. Bar No. 852972)
    319 Eisenhower Drive                 HILGERS PLLC
    Savannah, Georgia 31406             3100 Interstate N. Circle SE
    Tel: 912-232-2791                   Suite 200, No. 1047
    Fax: 912-629-2560                   Atlanta, Georgia 30339
    David@thejusticelawyer.com          Tel: 404-595-7747
                                 Fax: 402-413-1880

*Counsel for Plaintiff*                wburgess@hilgerslaw.com

                                    *Counsel for Defendant Wal-Mart Stores East, LP*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 6th day of March electronically submitted the foregoing Joint Stipulation for Extension of Time to Respond to Plaintiff's Complaint to the Clerk of Court using the Odyssey eFileGA system, which will automatically send electronic mail notification of such filing to counsel of record.

                                  *s/ William Burgess*
                                  William Burgess

# EXHIBIT A-11

**EFILED IN OFFICE**
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA

**26SV00020**

**DAVID A. KENDRICK**
**MAR 09, 2026 05:06 PM**

Cecilia Willis, Clerk
Decatur County, Georgia

**IN THE STATE COURT OF DECATUR COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| VIVIAN MCBRIDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION |
| WAL-MART STORES EAST, LP | ) | File No. 26SV00020 |
| (DELAWARE), THE HILLSHIRE | ) | |
| BRANDS COMPANY, and TYSON | ) | |
| FOODS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**NOTICE OF APPEARANCE**

COMES NOW Rose J. Jones of the law firm Hilgers PLLC, and hereby enters an appearance as counsel of record for Defendant Wal-Mart Stores East, LP in the above-styled action. The undersigned counsel respectfully requests that all future pleadings, notices, and/or correspondence be issued to counsel of record as follows:

Rose J. Jones
Hilgers PLLC
3100 Interstate N. Circle SE
Suite 200, No. 1047
Atlanta, GA 30339
Telephone: (404)-793-1763
rjones@hilgerslaw.com

1

2

Dated: March 9, 2026.   Respectfully submitted,

By:/s/Rose J. Jones
Rose J. Jones
(GA Bar No. 379483)
HILGERS PLLC
3100 Interstate N. Circle SE
Suite 200 # 1047
Atlanta, GA 30339
Telephone: (404)793-1763
rjones@hilgerslaw.com

*Counsel for Defendant Wal-Mart Stores East, LP*

2

3

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2026, I electronically filed the foregoing

Notice of Appearance through the Court's CM/ECF filing system, which will send

notification of such filing to all counsel of record.

/s/ Rose J. Jones
Rose J. Jones

# EXHIBIT A-12

EFILED IN OFFICE
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA
**26SV00020**
**DAVID A. KENDRICK**
**MAR 09, 2026 05:51 PM**

Cecilia Willis, Clerk
Decatur County, Georgia

**IN THE STATE COURT OF DECATUR COUNTY**
**STATE OF GEORGIA**

VIVIAN MCBRIDE,

      Plaintiff,

v.

WAL-MART STORES EAST, LP
(DELAWARE), THE HILLSHIRE
BRANDS COMPANY, and TYSON
FOODS, INC.,

      Defendants.

Civil Action File No. 26SV00020

## ANSWER AND DEFENSES OF TYSON FOODS, INC.

COMES NOW Tyson Foods, Inc. (hereinafter "Defendant") defendant in the above-styled action, and files the following Answer and Defenses to Plaintiff's Complaint for Damages ("Complaint"), showing the Court as follows:

### PREFATORY COMMENT

Discovery has just commenced, written discovery has not been exchanged, Defendant has not yet collected Plaintiff's medical records from healthcare providers or employment records from employer(s), and no depositions have been taken. Therefore, Defendant answers Plaintiff's Complaint based on information currently available regarding the allegations of negligence, causation, injuries and damaged claimed by Plaintiff.

### FIRST DEFENSE

The Complaint fails to set forth a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Defendant is not directly liable to Plaintiff because Defendant breached no duty owed to Plaintiff in regard to the occurrence giving rise to this Complaint.

**THIRD DEFENSE**

Any injury allegedly suffered by Plaintiff was not proximately caused by Defendant.

**FOURTH DEFENSE**

To the extent as may be shown by the evidence, Plaintiff could have avoided the consequences of the incident which gives rise to the Complaint by the exercise of ordinary care and thus, they are not entitled to recover.

**FIFTH DEFENSE**

Plaintiff's alleged damages were caused by the contributory and comparative negligence of Plaintiff, or in the alternative, solely by Plaintiff's negligence, and therefore Plaintiff's recovery is barred or should be reduced by the proportion of Plaintiff's negligence.

**SIXTH DEFENSE**

Defendant reserves the right to plead and prove such other defenses as may become known during the course of investigation and discovery.

**SEVENTH DEFENSE**

As a seventh defense, Defendant answers the numbered paragraphs of the Complaint as follows:

**1.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 1 of the Complaint, and, therefore, cannot admit or deny same.

2

**2.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 2 of the Complaint, and, therefore, cannot admit or deny same.

**3.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 3 of the Complaint, and, therefore, cannot admit or deny same.

**4.**

Defendant admits the allegations contained in Paragraph No. 4 of the Complaint.

**5.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 5 of the Complaint, and, therefore, cannot admit or deny same.

**6.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 6 of the Complaint, and, therefore, cannot admit or deny same.

**7.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 7 of the Complaint, and, therefore, cannot admit or deny same.

**8.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 8 of the Complaint, and, therefore, cannot admit or deny same.

**9.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 9 of the Complaint, and, therefore, cannot admit or deny same.

**10.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 10 of the Complaint, and, therefore, cannot admit or deny same.

**11.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 11 of the Complaint, and, therefore, cannot admit or deny same.

**12.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 12 of the Complaint, and, therefore, cannot admit or deny same.

**13.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 13 of the Complaint, and, therefore, cannot admit or deny

same.

**14.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 14 of the Complaint, and, therefore, cannot admit or deny same.

**15.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 15 of the Complaint, and, therefore, cannot admit or deny same.

**16.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 16 of the Complaint, and, therefore, cannot admit or deny same.

**17.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 17 of the Complaint, and, therefore, cannot admit or deny same.

**18.**

Defendant denies the allegations contained in Paragraph No. 18 of the Complaint.

**19.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 19 of the Complaint, and, therefore, cannot admit or deny same.

**20.**

Defendant denies the allegations contained in Paragraph No. 20 of the Complaint.

**21.**

Defendant denies the allegations contained in Paragraph No. 21 of the Complaint.

**22.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 22 of the Complaint, and, therefore, cannot admit or deny same.

**23.**

Defendant denies the allegations contained in Paragraph No. 23 of the Complaint.

**24.**

Defendant denies the allegations contained in Paragraph No. 24 of the Complaint.

**25.**

Defendant denies the allegations contained in Paragraph No. 25 of the Complaint.

**26.**

Defendant denies the allegations contained in Paragraph No. 26 of the Complaint.

**27.**

Defendant denies the allegations contained in Paragraph No. 27 of the Complaint.

**28.**

Defendant denies the allegations contained in Paragraph No. 28 of the Complaint.

**29.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 29 of the Complaint, and, therefore, cannot admit or deny

6

same.

**30.**

Defendant denies the allegations contained in Paragraph No. 30 of the Complaint.

**31.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 31 of the Complaint, and, therefore, cannot admit or deny same.

**32.**

Defendant denies the allegations contained in Paragraph No. 32 of the Complaint.

**33.**

Defendant denies the allegations contained in Paragraph No. 33 of the Complaint.

**34.**

Defendant denies the allegations contained in Paragraph No. 34 of the Complaint.

**35.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 35 of the Complaint, and, therefore, cannot admit or deny same.

**36.**

Defendant denies the allegations contained in Paragraph No. 36 of the Complaint.

**37.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 37 of the Complaint, and, therefore, cannot admit or deny same.

**38.**

Defendant denies the allegations contained in Paragraph No. 38 of the Complaint.

**39.**

Defendant denies the allegations contained in Paragraph No. 39 of the Complaint.

**40.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 40 of the Complaint, and, therefore, cannot admit or deny same.

**41.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 41 of the Complaint, and, therefore, cannot admit or deny same.

**42.**

Defendant denies the allegations contained in Paragraph No. 42 of the Complaint.

**43.**

Defendant denies the allegations contained in Paragraph No. 43 of the Complaint.

**44.**

Defendant denies the allegations contained in Paragraph No. 44 of the Complaint.

**45.**

Defendant denies the allegations contained in Paragraph No. 45 of the Complaint.

**46.**

Defendant denies the allegations contained in Paragraph No. 46 of the Complaint.

**47.**

Any allegations contained in Plaintiff's Complaint not herein responded to by number, including Plaintiff's *ad damnum* clause, and its subparts are hereby denied.

Respectfully submitted this 9th day of March, 2026.

By:  */s/ Elizabeth L. Bentley, Esq.*
ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
DEJAY PATEL, ESQ.
State Bar No.: 426436
*beth.bentley@swiftcurrie.com*

**SWIFT, CURRIE, McGHEE & HIERS, LLP**    *dejay.patel@swiftcurrie.com*
1420 Peachtree Street NE, Suite 800    ***Attorney for the Defendant***
Atlanta, Georgia 30309
(404) 874-8800 Phone
(470) 600-5990 Fax

9

**IN THE STATE COURT OF DECATUR COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| VIVIAN MCBRIDE,<br><br>        Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, LP<br>(DELAWARE), THE HILLSHIRE<br>BRANDS COMPANY, and TYSON<br>FOODS, INC.,<br><br>        Defendants. | Civil Action File No. 26SV00020 |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing *Answer and Defenses of Tyson Foods, Inc.* upon all parties via the Peachcourt E-File & Serve System which will automatically send electronic notification of same to all counsel and parties of record as follows:

David S. Eichholz, Esq.
The Eichholz Law Firm, P.C.
319 Eisenhower Drive
Savannah, GA 31406
David@thejusticelawyer.com
*Attorney for the Plaintiff*

Respectfully submitted this 9th day of March, 2026.

By:   */s/ Elizabeth L. Bentley, Esq.*
     ELIZABETH L. BENTLEY, ESQ.
     State Bar No.: 828730
     DEJAY PATEL, ESQ.
     State Bar No.: 426436

**SWIFT, CURRIE, McGHEE & HIERS, LLP**   beth.bentley@swiftcurrie.com
1420 Peachtree Street NE, Suite 800   dejay.patel@swiftcurrie.com
Atlanta, Georgia 30309   *Attorney for the Defendant*
(404) 874-8800 Phone
(470) 600-5990 Fax

4902-6046-2229, v. 1

# EXHIBIT A-13

⏚ EFILED IN OFFICE
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA
**26SV00020**
**DAVID A. KENDRICK**
**MAR 09, 2026 05:51 PM**

Cecilia Willis, Clerk
Decatur County, Georgia

**IN THE STATE COURT OF DECATUR COUNTY**
**STATE OF GEORGIA**

VIVIAN MCBRIDE,

      Plaintiff,

v.

WAL-MART STORES EAST, LP
(DELAWARE), THE HILLSHIRE
BRANDS COMPANY, and TYSON
FOODS, INC.,

      Defendants.

Civil Action File No. 26SV00020

## DEFENDANT TYSON FOODS, INC.'S
## DEMAND FOR JURY PANEL OF TWELVE

COMES NOW Tyson Foods, Inc. (collectively, "Defendants"), named defendant in the above-styled action, by and through its attorneys, and demand in writing prior to the commencement of the trial term that the above-styled case be tried by a jury of twelve, pursuant to O.C.G.A. § 15-12-122.

Respectfully submitted this 9th day of March, 2026.

By:   */s/ Elizabeth L. Bentley, Esq.*

      ELIZABETH L. BENTLEY, ESQ.
      State Bar No.: 828730
      DEJAY PATEL, ESQ.
      State Bar No.: 426436
      *beth.bentley@swiftcurrie.com*
      *dejay.patel@swiftcurrie.com*
      *Attorneys for Defendant*

**SWIFT, CURRIE, McGHEE & HIERS, LLP**
1420 Peachtree Street NE, Suite 800
Atlanta, Georgia 30309
(404) 874-8800 Phone
(470) 600-5990 Fax

**IN THE STATE COURT OF DECATUR COUNTY**
**STATE OF GEORGIA**

VIVIAN MCBRIDE,

        Plaintiff,

v.

WAL-MART STORES EAST, LP
(DELAWARE), THE HILLSHIRE
BRANDS COMPANY, and TYSON
FOODS, INC.,

        Defendants.

Civil Action File No. 26SV00020

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing ***Defendant Tyson Foods, Inc.'s Demand for Jury Panel of Twelve*** upon all parties via the Peachcourt E-File & Serve System which will automatically send electronic notification of same to all counsel and parties of record as follows:

David S. Eichholz, Esq.
The Eichholz Law Firm, P.C.
319 Eisenhower Drive
Savannah, GA 31406
David@thejusticelawyer.com
***Attorney for the Plaintiff***

Respectfully submitted this 9th day of March, 2026.

By: ***/s/ Elizabeth L. Bentley, Esq.***
     ELIZABETH L. BENTLEY, ESQ.
     State Bar No.: 828730
     DEJAY PATEL, ESQ.
     State Bar No.: 426436

**SWIFT, CURRIE, McGHEE & HIERS, LLP**
1420 Peachtree Street NE, Suite 800
Atlanta, Georgia 30309
(404) 874-8800 Phone
(470) 600-5990 Fax

     beth.bentley@swiftcurrie.com
     dejay.patel@swiftcurrie.com
     ***Attorney for the Defendant***

**IN THE STATE COURT OF DECATUR COUNTY**
**STATE OF GEORGIA**

VIVIAN MCBRIDE,

               Plaintiff,

v.

WAL-MART STORES EAST, LP
(DELAWARE), THE HILLSHIRE
BRANDS COMPANY, and TYSON
FOODS, INC.,

               Defendants.

Civil Action File No. 26SV00020

## ANSWER AND DEFENSES OF TYSON FOODS, INC.

COMES NOW Tyson Foods, Inc. (hereinafter "Defendant") defendant in the above-styled action, and files the following Answer and Defenses to Plaintiff's Complaint for Damages ("Complaint"), showing the Court as follows:

## PREFATORY COMMENT

Discovery has just commenced, written discovery has not been exchanged, Defendant has not yet collected Plaintiff's medical records from healthcare providers or employment records from employer(s), and no depositions have been taken. Therefore, Defendant answers Plaintiff's Complaint based on information currently available regarding the allegations of negligence, causation, injuries and damaged claimed by Plaintiff.

## FIRST DEFENSE

The Complaint fails to set forth a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

Defendant is not directly liable to Plaintiff because Defendant breached no duty owed to Plaintiff in regard to the occurrence giving rise to this Complaint.

### THIRD DEFENSE

Any injury allegedly suffered by Plaintiff was not proximately caused by Defendant.

### FOURTH DEFENSE

To the extent as may be shown by the evidence, Plaintiff could have avoided the consequences of the incident which gives rise to the Complaint by the exercise of ordinary care and thus, they are not entitled to recover.

### FIFTH DEFENSE

Plaintiff's alleged damages were caused by the contributory and comparative negligence of Plaintiff, or in the alternative, solely by Plaintiff's negligence, and therefore Plaintiff's recovery is barred or should be reduced by the proportion of Plaintiff's negligence.

### SIXTH DEFENSE

Defendant reserves the right to plead and prove such other defenses as may become known during the course of investigation and discovery.

### SEVENTH DEFENSE

As a seventh defense, Defendant answers the numbered paragraphs of the Complaint as follows:

**1.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 1 of the Complaint, and, therefore, cannot admit or deny same.

2

**2.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 2 of the Complaint, and, therefore, cannot admit or deny same.

**3.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 3 of the Complaint, and, therefore, cannot admit or deny same.

**4.**

Defendant admits the allegations contained in Paragraph No. 4 of the Complaint.

**5.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 5 of the Complaint, and, therefore, cannot admit or deny same.

**6.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 6 of the Complaint, and, therefore, cannot admit or deny same.

**7.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 7 of the Complaint, and, therefore, cannot admit or deny same.

**8.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 8 of the Complaint, and, therefore, cannot admit or deny same.

**9.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 9 of the Complaint, and, therefore, cannot admit or deny same.

**10.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 10 of the Complaint, and, therefore, cannot admit or deny same.

**11.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 11 of the Complaint, and, therefore, cannot admit or deny same.

**12.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 12 of the Complaint, and, therefore, cannot admit or deny same.

**13.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 13 of the Complaint, and, therefore, cannot admit or deny

same.

**14.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 14 of the Complaint, and, therefore, cannot admit or deny same.

**15.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 15 of the Complaint, and, therefore, cannot admit or deny same.

**16.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 16 of the Complaint, and, therefore, cannot admit or deny same.

**17.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 17 of the Complaint, and, therefore, cannot admit or deny same.

**18.**

Defendant denies the allegations contained in Paragraph No. 18 of the Complaint.

**19.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 19 of the Complaint, and, therefore, cannot admit or deny same.

**20.**

Defendant denies the allegations contained in Paragraph No. 20 of the Complaint.

**21.**

Defendant denies the allegations contained in Paragraph No. 21 of the Complaint.

**22.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 22 of the Complaint, and, therefore, cannot admit or deny same.

**23.**

Defendant denies the allegations contained in Paragraph No. 23 of the Complaint.

**24.**

Defendant denies the allegations contained in Paragraph No. 24 of the Complaint.

**25.**

Defendant denies the allegations contained in Paragraph No. 25 of the Complaint.

**26.**

Defendant denies the allegations contained in Paragraph No. 26 of the Complaint.

**27.**

Defendant denies the allegations contained in Paragraph No. 27 of the Complaint.

**28.**

Defendant denies the allegations contained in Paragraph No. 28 of the Complaint.

**29.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 29 of the Complaint, and, therefore, cannot admit or deny

6

same.

## 30.

Defendant denies the allegations contained in Paragraph No. 30 of the Complaint.

## 31.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 31 of the Complaint, and, therefore, cannot admit or deny same.

## 32.

Defendant denies the allegations contained in Paragraph No. 32 of the Complaint.

## 33.

Defendant denies the allegations contained in Paragraph No. 33 of the Complaint.

## 34.

Defendant denies the allegations contained in Paragraph No. 34 of the Complaint.

## 35.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 35 of the Complaint, and, therefore, cannot admit or deny same.

## 36.

Defendant denies the allegations contained in Paragraph No. 36 of the Complaint.

## 37.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 37 of the Complaint, and, therefore, cannot admit or deny same.

**38.**

Defendant denies the allegations contained in Paragraph No. 38 of the Complaint.

**39.**

Defendant denies the allegations contained in Paragraph No. 39 of the Complaint.

**40.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 40 of the Complaint, and, therefore, cannot admit or deny same.

**41.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 41 of the Complaint, and, therefore, cannot admit or deny same.

**42.**

Defendant denies the allegations contained in Paragraph No. 42 of the Complaint.

**43.**

Defendant denies the allegations contained in Paragraph No. 43 of the Complaint.

**44.**

Defendant denies the allegations contained in Paragraph No. 44 of the Complaint.

**45.**

Defendant denies the allegations contained in Paragraph No. 45 of the Complaint.

**46.**

Defendant denies the allegations contained in Paragraph No. 46 of the Complaint.

**47.**

Any allegations contained in Plaintiff's Complaint not herein responded to by number,

including Plaintiff's *ad damnum* clause, and its subparts are hereby denied.


Respectfully submitted this 9th day of March, 2026.

By:  */s/ Elizabeth L. Bentley, Esq.*
ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
DEJAY PATEL, ESQ.
State Bar No.: 426436
*beth.bentley@swiftcurrie.com*

**SWIFT, CURRIE, McGHEE & HIERS, LLP**  *dejay.patel@swiftcurrie.com*
1420 Peachtree Street NE, Suite 800     ***Attorney for the Defendant***
Atlanta, Georgia 30309
(404) 874-8800 Phone
(470) 600-5990 Fax

**IN THE STATE COURT OF DECATUR COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| VIVIAN MCBRIDE,<br><br>        Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, LP (DELAWARE), THE HILLSHIRE BRANDS COMPANY, and TYSON FOODS, INC.,<br><br>        Defendants. | Civil Action File No. 26SV00020 |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing ***Answer and Defenses of Tyson Foods, Inc.*** upon all parties via the Peachcourt E-File & Serve System which will automatically send electronic notification of same to all counsel and parties of record as follows:

David S. Eichholz, Esq.
The Eichholz Law Firm, P.C.
319 Eisenhower Drive
Savannah, GA 31406
David@thejusticelawyer.com
***Attorney for the Plaintiff***

Respectfully submitted this 9th day of March, 2026.

By:  ***/s/ Elizabeth L. Bentley, Esq.***
        ELIZABETH L. BENTLEY, ESQ.
        State Bar No.: 828730
        DEJAY PATEL, ESQ.
        State Bar No.: 426436

**SWIFT, CURRIE, McGHEE & HIERS, LLP**
1420 Peachtree Street NE, Suite 800
Atlanta, Georgia 30309
(404) 874-8800 Phone
(470) 600-5990 Fax

beth.bentley@swiftcurrie.com
dejay.patel@swiftcurrie.com
***Attorney for the Defendant***

4902-6046-2229, v. 1

# EXHIBIT A-14

⏚ EFILED IN OFFICE
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA
**26SV00020**
**DAVID A. KENDRICK**
**MAR 09, 2026 05:51 PM**

Cecilia Willis, Clerk
Decatur County, Georgia

**IN THE STATE COURT OF DECATUR COUNTY**
**STATE OF GEORGIA**

VIVIAN MCBRIDE,

        Plaintiff,

v.

WAL-MART STORES EAST, LP
(DELAWARE), THE HILLSHIRE
BRANDS COMPANY and  TYSON
FOODS, INC.,

        Defendants.

Civil Action File No.: 26SV00020

## DEFENDANT TYSON FOODS, INC.'S RULE 5.2 CERTIFICATE OF SERVICE

COMES NOW, Tyson Foods, Inc. (hereinafter "Defendant"), and pursuant to Superior and State Court Uniform Rule 5.2, hereby notifies the Court that on March 9, 2026, counsel for all parties were served via electronic mail with:

1. ***Defendant Tyson Foods, Inc.'s First Request for Admissions to Plaintiff;***

2. ***Defendant Tyson Foods, Inc.'s First Interrogatories to Plaintiff; and,***

3. ***Defendant Tyson Foods, Inc.'s First Request for Production of Documents and Notice to Produce at Trial to Plaintiff.***

*(Signature on following page)*

Respectfully submitted this 9th day of March, 2026.

By:  */s/ Elizabeth L. Bentley, Esq.*
      ELIZABETH L. BENTLEY, ESQ.
      Georgia State Bar No.: 828730
      *Beth.Bentley@swiftcurrie.com*
      DEJAY PATEL, ESQ.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**    Georgia State Bar No.: 426436
1420 Peachtree Street NE, Suite 800    *Dejay.Patel@swiftcurrie.com*
Atlanta, Georgia 30309    ***Attorney for Defendant Tyson Foods, Inc.***
(404) 874-8800 Phone
(470) 600-5990 Fax

**IN THE STATE COURT OF DECATUR COUNTY**
**STATE OF GEORGIA**

VIVIAN MCBRIDE,

         Plaintiff,

v.

WAL-MART STORES EAST, LP
(DELAWARE), THE HILLSHIRE
BRANDS COMPANY and  TYSON
FOODS, INC.,

         Defendants.

Civil Action File No.: 26SV00020

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have the this day served a copy of the foregoing *Defendant Tyson Foods,*

*Inc.'s Rule 5.2 Certificate of Service* upon counsel of record for all parties by electronically filing

a copy of the same with the PeachCourt E-File and Serve online filing and service system which

will automatically serve an electronic copy of this notice as follows:

David S. Eichholz, Esq.
THE EICHHOLZ LAW FIRM
319 Eisenhower Drive
Savannah, Georgia 31406
David@thejusticelawyer.com
*Attorney for the Plaintiff*

*(Signature on following page)*

Respectfully submitted this 9th day of March, 2026.

<table>
<tr><td></td><td>By:</td><td>/s/ Elizabeth L. Bentley, Esq.</td></tr>
<tr><td></td><td></td><td>ELIZABETH L. BENTLEY, ESQ.<br>Georgia State Bar No.: 828730<br>Beth.Bentley@swiftcurrie.com<br>DEJAY PATEL, ESQ.</td></tr>
<tr><td><strong>SWIFT, CURRIE, McGHEE & HIERS, LLP</strong><br>1420 Peachtree Street NE, Suite 800<br>Atlanta, Georgia 30309<br>(404) 874-8800 Phone<br>(470) 600-5990 Fax</td><td></td><td>Georgia State Bar No.: 426436<br>Dejay.Patel@swiftcurrie.com<br><strong><em>Attorney for Defendant Tyson Foods, Inc.</em></strong></td></tr>
</table>

# EXHIBIT A-15

EFILED IN OFFICE
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA
**26SV00020**
**DAVID A. KENDRICK**
**MAR 25, 2026 04:27 PM**

Cecilia Willis, Clerk
Decatur County, Georgia

**IN THE STATE COURT OF DECATUR COUNTY
STATE OF GEORGIA**

VIVIAN MCBRIDE,

        Plaintiff,

v.

WAL-MART STORES EAST, LP
(DELAWARE), THE HILLSHIRE
BRANDS COMPANY, and TYSON
FOODS, INC.,

        Defendants.

Civil Action File No.: 26SV00020

## ANSWER AND DEFENSES OF THE HILLSHIRE BRANDS COMPANY

COMES NOW The Hillshire Brands Company (hereinafter "Defendant") defendant in the above-styled action, and files the following Answer and Defenses to Plaintiff's Complaint for Damages ("Complaint"), showing the Court as follows:

### PREFATORY COMMENT

Discovery has just commenced, written discovery has not been exchanged, Defendant has not yet collected Plaintiff's medical records from healthcare providers or employment records from employer(s), and no depositions have been taken. Therefore, Defendant answers Plaintiff's Complaint based on information currently available regarding the allegations of negligence, causation, injuries and damaged claimed by Plaintiff.

### FIRST DEFENSE

The Complaint fails to set forth a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Defendant is not directly liable to Plaintiff because Defendant breached no duty owed to Plaintiff in regard to the occurrence giving rise to this Complaint.

## THIRD DEFENSE

Any injury allegedly suffered by Plaintiff was not proximately caused by Defendant.

## FOURTH DEFENSE

To the extent as may be shown by the evidence, Plaintiff could have avoided the consequences of the incident which gives rise to the Complaint by the exercise of ordinary care and thus, they are not entitled to recover.

## FIFTH DEFENSE

Plaintiff's alleged damages were caused by the contributory and comparative negligence of Plaintiff, or in the alternative, solely by Plaintiff's negligence, and therefore Plaintiff's recovery is barred or should be reduced by the proportion of Plaintiff's negligence.

## SIXTH DEFENSE

Defendant reserves the right to plead and prove such other defenses as may become known during the course of investigation and discovery.

## SEVENTH DEFENSE

As a seventh defense, Defendant answers the numbered paragraphs of the Complaint as follows:

### 1.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 1 of the Complaint, and, therefore, cannot admit or deny same.

### 2.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 2 of the Complaint, and, therefore, cannot admit or deny same.

**3.**

Defendant admits it is a foreign profit corporation authorized to do business in Georgia and that it may be served through its registered agent. Defendant is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph No. 3 of the Complaint, and, therefore, cannot admit or deny same.

**4.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 4 of the Complaint, and, therefore, cannot admit or deny same.

**5.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 5 of the Complaint, and, therefore, cannot admit or deny same.

**6.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 6 of the Complaint, and, therefore, cannot admit or deny same.

**7.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 7 of the Complaint, and, therefore, cannot admit or deny same.

**8.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 8 of the Complaint, and, therefore, cannot admit or deny

same.

**9.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 9 of the Complaint, and, therefore, cannot admit or deny same.

**10.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 10 of the Complaint, and, therefore, cannot admit or deny same.

**11.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 11 of the Complaint, and, therefore, cannot admit or deny same.

**12.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 12 of the Complaint, and, therefore, cannot admit or deny same.

**13.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 13 of the Complaint, and, therefore, cannot admit or deny same.

**14.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 14 of the Complaint, and, therefore, cannot admit or deny

same.

## 15.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 15 of the Complaint, and, therefore, cannot admit or deny same.

## 16.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 16 of the Complaint, and, therefore, cannot admit or deny same.

## 17.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 17 of the Complaint, and, therefore, cannot admit or deny same.

## 18.

Defendant denies the allegations contained in Paragraph No. 18 of the Complaint.

## 19.

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 19 of the Complaint, and, therefore, cannot admit or deny same.

## 20.

Defendant denies the allegations contained in Paragraph No. 20 of the Complaint.

## 21.

Defendant denies the allegations contained in Paragraph No. 21 of the Complaint.

**22.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 22 of the Complaint, and, therefore, cannot admit or deny same.

**23.**

Defendant denies the allegations contained in Paragraph No. 23 of the Complaint.

**24.**

Defendant denies the allegations contained in Paragraph No. 24 of the Complaint.

**25.**

Defendant denies the allegations contained in Paragraph No. 25 of the Complaint.

**26.**

Defendant denies the allegations contained in Paragraph No. 26 of the Complaint.

**27.**

Defendant denies the allegations contained in Paragraph No. 27 of the Complaint.

**28.**

Defendant denies the allegations contained in Paragraph No. 28 of the Complaint.

**29.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 29 of the Complaint, and, therefore, cannot admit or deny same.

**30.**

Defendant denies the allegations contained in Paragraph No. 30 of the Complaint.

**31.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 31 of the Complaint, and, therefore, cannot admit or deny same.

**32.**

Defendant denies the allegations contained in Paragraph No. 32 of the Complaint.

**33.**

Defendant denies the allegations contained in Paragraph No. 33 of the Complaint.

**34.**

Defendant denies the allegations contained in Paragraph No. 34 of the Complaint.

**35.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 35 of the Complaint, and, therefore, cannot admit or deny same.

**36.**

Defendant denies the allegations contained in Paragraph No. 36 of the Complaint.

**37.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 37 of the Complaint, and, therefore, cannot admit or deny same.

**38.**

Defendant denies the allegations contained in Paragraph No. 38 of the Complaint.

**39.**

Defendant denies the allegations contained in Paragraph No. 39 of the Complaint.

**40.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 40 of the Complaint, and, therefore, cannot admit or deny same.

**41.**

Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph No. 41 of the Complaint, and, therefore, cannot admit or deny same.

**42.**

Defendant denies the allegations contained in Paragraph No. 42 of the Complaint.

**43.**

Defendant denies the allegations contained in Paragraph No. 43 of the Complaint.

**44.**

Defendant denies the allegations contained in Paragraph No. 44 of the Complaint.

**45.**

Defendant denies the allegations contained in Paragraph No. 45 of the Complaint.

**46.**

Defendant denies the allegations contained in Paragraph No. 46 of the Complaint.

**47.**

Any allegations contained in Plaintiff's Complaint not herein responded to by number, including Plaintiff's *ad damnum* clause, and its subparts are hereby denied.

Respectfully submitted this 25th day of March, 2026.

By:  **/s/ Elizabeth L. Bentley, Esq.**
ELIZABETH L. BENTLEY, ESQ.
Georgia State Bar No.: 828730
*Beth.Bentley@swiftcurrie.com*
DEJAY PATEL, ESQ.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**  Georgia State Bar No.: 426436
1420 Peachtree Street NE, Suite 800    *Dejay.Patel@swiftcurrie.com*
Atlanta, Georgia 30309    ***Attorneys for Defendant The Hillshire***
(404) 874-8800 Phone    ***Brands Company***
(470) 600-5990 Fax

**IN THE STATE COURT OF DECATUR COUNTY**
**STATE OF GEORGIA**

VIVIAN MCBRIDE,

        Plaintiff,

v.

WAL-MART STORES EAST, LP
(DELAWARE), THE HILLSHIRE
BRANDS COMPANY and  TYSON
FOODS, INC.,

        Defendants.

Civil Action File No.: 26SV00020

## CERTIFICATE OF SERVICE

I certify that I have the this day served a copy of the foregoing ***Answer and Defenses of***

***Defendant The Hillshire Brands Company*** upon counsel of record for all parties by electronically

filing a copy of the same with the PeachCourt E-File and Serve online filing and service system

which will automatically serve an electronic copy of this notice as follows:

David S. Eichholz, Esq.
THE EICHHOLZ LAW FIRM
319 Eisenhower Drive
Savannah, Georgia 31406
David@thejusticelawyer.com
***Attorney for the Plaintiff***

*(Signature on following page)*

Respectfully submitted this 25th day of March, 2026.

By:    */s/ Elizabeth L. Bentley, Esq.*
ELIZABETH L. BENTLEY, ESQ.
Georgia State Bar No.: 828730
*Beth.Bentley@swiftcurrie.com*
DEJAY PATEL, ESQ.
Georgia State Bar No.: 426436
*Dejay.Patel@swiftcurrie.com*
***Attorneys for Defendant The Hillshire Brands Company***

**SWIFT, CURRIE, McGHEE & HIERS, LLP**
1420 Peachtree Street NE, Suite 800
Atlanta, Georgia 30309
(404) 874-8800 Phone
(470) 600-5990 Fax

# EXHIBIT A-16

⧉ EFILED IN OFFICE
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA
**26SV00020**
**DAVID A. KENDRICK**
**MAR 25, 2026 04:27 PM**

Cecilia Willis, Clerk
Decatur County, Georgia

**IN THE STATE COURT OF DECATUR COUNTY**
**STATE OF GEORGIA**

|  |  |
|---|---|
| VIVIAN MCBRIDE,<br><br>      Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, LP (DELAWARE), THE HILLSHIRE BRANDS COMPANY, and TYSON FOODS, INC.,<br><br>      Defendants. | Civil Action File No. 26SV00020 |

## DEFENDANT THE HILLSHIRE BRANDS COMPANY'S DEMAND FOR JURY PANEL OF TWELVE

COMES NOW The Hillshire Brands Company (collectively, "Defendants"), named defendant in the above-styled action, by and through its attorneys, and demand in writing prior to the commencement of the trial term that the above-styled case be tried by a jury of twelve, pursuant to O.C.G.A. § 15-12-122.

Respectfully submitted this 25th day of March, 2026.

By:    */s/ Elizabeth L. Bentley, Esq.*
      ELIZABETH L. BENTLEY, ESQ.
      State Bar No.: 828730
      DEJAY PATEL, ESQ.
      State Bar No.: 426436
      *beth.bentley@swiftcurrie.com*
      *dejay.patel@swiftcurrie.com*
      *Attorneys for Defendant The Hillshire*
      *Brands Company*

**SWIFT, CURRIE, McGHEE & HIERS, LLP**
1420 Peachtree Street NE, Suite 800
Atlanta, Georgia 30309
(404) 874-8800 Phone
(470) 600-5990 Fax

**IN THE STATE COURT OF DECATUR COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| VIVIAN MCBRIDE,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, LP (DELAWARE), THE HILLSHIRE BRANDS COMPANY, and TYSON FOODS, INC.,<br><br>Defendants. | Civil Action File No. 26SV00020 |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing ***Defendant The Hillshire Brands Company's Demand for Jury Panel of Twelve*** upon all parties via the Peachcourt E-File & Serve System which will automatically send electronic notification of same to all counsel and parties of record as follows:

David S. Eichholz, Esq.
The Eichholz Law Firm, P.C.
319 Eisenhower Drive
Savannah, GA 31406
David@thejusticelawyer.com
***Attorney for the Plaintiff***

Respectfully submitted this 25th day of March, 2026.

By:   ***/s/ Elizabeth L. Bentley, Esq.***
ELIZABETH L. BENTLEY, ESQ.
State Bar No.: 828730
DEJAY PATEL, ESQ.
State Bar No.: 426436

**SWIFT, CURRIE, McGHEE & HIERS, LLP**
1420 Peachtree Street NE, Suite 800
Atlanta, Georgia 30309
(404) 874-8800 Phone
(470) 600-5990 Fax

beth.bentley@swiftcurrie.com
dejay.patel@swiftcurrie.com
***Attorneys for Defendant The Hillshire Brands Company***

# EXHIBIT A-17

EFILED IN OFFICE
CLERK OF STATE COURT
DECATUR COUNTY, GEORGIA

**26SV00020**

**DAVID A. KENDRICK**
**APR 08, 2026 04:57 AM**

Cecilia Willis, Clerk
Decatur County, Georgia

IN THE STATE COURT OF DECATUR COUNTY
STATE OF GEORGIA

VIVIAN MCBRIDE,                              )
                                             )
            Plaintiff,                       )
                                             )
vs.                                          )        Civil Action No. 26SV00020
                                             )
WAL-MART STORES EAST, LP                     )
(DELAWARE), THE HILLSHIRE                    )
BRANDS COMPANY, and TYSON                    )
FOODS, INC.,                                 )
                                             )
            Defendants.                      )

## CERTIFICATE OF SERVICE PURSUANT TO U.S.C.R. 5.2(2)

This is to certify that I have served a copy of the foregoing *Plaintiff's Responses to First Interrogatories, Request for Admissions, and Request for Production of Documents and Things from Tyson Foods, Inc.* on the following:

Elizabeth L. Bentley, Esq.
Swift Currie McGhee & Hiers LLP
1420 Peachtree Street NE
Suite 800
Atlanta, GA 30309

This 8th day of April 2026.

THE EICHHOLZ LAW FIRM, P.C.

/s/ David S. Eichholz
DAVID S. EICHHOLZ
Georgia State Bar No. 502134
*Attorney for Plaintiff*

319 Eisenhower Drive
Savannah, GA 31406
(912) 232-2791
david@thejusticelawyer.com